**SCHIFFMAN LAW OFFICE**, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julia Zlotoff,<br><br>                Plaintiff,<br>vs.<br><br>Aetna Life Insurance Company; Bank of America Group Benefits Program Plan; Bank of America Corporate Benefits Committee,<br><br>                Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Julia Zlotoff ("Zlotoff") alleges as follows:

**JURISDICTION AND VENUE**

1. Zlotoff is a resident of Maricopa County, Arizona.

2. Defendant Aetna Life Insurance Company ("Aetna") is an insurance company incorporated in Pennsylvania, with its principal place of business in Hartford, Connecticut. Aetna is authorized to do business in Maricopa County, Arizona.

3. Defendant Bank of America Group Benefits Program Plan ("Plan") is a purported ERISA benefit plan established and maintained by Bank of America Corporation ("Bank of America") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD").

4. Defendant Bank of America Corporate Benefits Committee is a Plan Administrator as defined by ERISA, 29 U.S.C. § 1002(16)(A).

5. Bank of America is a Plan Fiduciary as that term is defined by ERISA.

6. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Aetna have caused events to occur in Arizona out of which Zlotoff's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

9. Aetna pays for and administers the Plan's LTD benefits.

10. Aetna is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

**GENERAL ALLEGATIONS**

11. Aetna provided certain Bank of America employees with LTD benefits pursuant to the Plan.

12. Under the terms of the LTD benefit, Zlotoff is entitled to benefits for the first 18 months when Aetna determines she cannot perform the material duties of her own occupation solely because of illness or injury and her work earnings are 80% or less of her adjusted predisability earnings.

13. After the first 18 months of disability, Zlotoff is considered disabled if she is unable to work in any reasonable occupation solely because of a disease or injury. The Plan defines reasonable occupation as any gainful activity for which Zlotoff is; or may reasonably become; fitted by education, training or experience and which results in, or can be expected to result in, an income of more than 60% of her adjusted predisability earnings.

14. At all relevant times, Zlotoff was a Bank of America employee, became a covered individual under the Plan, and remained continuously employed until her disability

rendered her unable to work in her regular occupation as an Mortgage Underwriter on February 25, 2014.

15. The material and substantial duties of Zlotoff's occupation that she was unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to maintain regular attendance due to migraines several times a week;
- Ability to concentrate and work with limited errors.
- Ability to work due to symptoms associated with Postural Orthostatic Tachycardia Syndrome.

16. Zlotoff was diagnosed with migraines and Postural Orthostatic Tachycardia Syndrome, migraines, and a mild traumatic brain injury, among other conditions. These conditions interfere with her ability to work at all.

17. Zlotoff became disabled on February 25, 2014 and remains disabled from her own occupation and from any occupation for which she is qualified based on education, training or experience and for which she could earn 60% of her pre-disability earnings.

18. Aetna continued to pay Zlotoff well beyond the own occupation period into the any occupation period.

19. Aetna terminated Zlotoff's claim on March 15, 2017.

20. Zlotoff submitted her appeal on November 3, 2017.

21. Aetna issued a final denial on March 16, 2018.

22. Zlotoff is entitled to 60% of her Predisability Earnings from March 16, 2017 through the present.

23. Zlotoff is entitled to a monthly LTD disability benefit in the amount of $3,898.24 from March 16, 2017 to the present.

24. Zlotoff provided proof of her debilitating medical conditions. In addition, Zlotoff provided Aetna with completed attending physician statements and extensive medical records that support her disability.

25. Zlotoff has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

26. Zlotoff incorporates and realleges all previous allegations.

27. The Plan contains some language purporting to grant Aetna discretion and to give Aetna the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Zlotoff is entitled to de novo review.

28. Zlotoff became disabled on February 25, 2014 and remains unable to perform the duties of any other occupation for which she is qualified based on education, training or experience.

29. Despite the coverage of Zlotoff's long-term disability, Aetna terminated LTD benefits after paying Zlotoff LTD benefits for over 30 months. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

30. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Zlotoff is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.

31. Pursuant to 29 U.S.C. § 1132(g), Zlotoff is entitled to recover her attorneys' fees and costs incurred herein from Aetna and the Plan.

32. Zlotoff is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

-4-

WHEREFORE, Zlotoff prays for entry of judgment against Defendants as follows:

A. For all past benefits due Zlotoff under the terms of the Plan;

B. For an award of Zlotoff's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 26th day of June 2018.

                                              SCHIFFMAN LAW OFFICE, P.C.

                                              By: /s/ Lisa J. Counters
                                                   Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667